**The document below is hereby signed.**

**Dated: June 6, 2012.**



_____
**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
DARNISE DAVIS,                )    Case No. 12-00415
                              )    (Chapter 7)
              Debtor.         )    Not for Publication in
                              )    West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR
TEMPORARY WAIVER OF THE PREPETITION CREDIT COUNSELING
<u>REQUIREMENT AND TO SHOW CAUSE WHY CASE OUGHT NOT BE DISMISSED</u>

The debtor has requested a temporary waiver of the prepetition credit counseling requirement based upon exigent circumstances, stating simply on her Exhibit D that: "Motion for Non-Redeemable Judgement filed unexpectedly for Possession." For reasons explained in more detail below, the court will deny the debtor's request for a temporary waiver of the prepetition credit counseling requirement of 11 U.S.C. § 109(h).

Section 109(h) of 11 U.S.C. provides that all individuals filing for bankruptcy must obtain an individual or group briefing that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling

agency during the 180-day period preceding the date of the filing of the individual's petition (these services are commonly referred to as "credit counseling"). 11 U.S.C. § 109(h)(1).

Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that she requested credit counseling services from an approved non-profit budget and credit counseling agency before she filed her petition, but was unable to obtain the necessary services within seven days of the request, and (iii) the debtor's certification is satisfactory to the court. This exemption applies only for the first thirty days following the filing of the debtor's petition, although the court may grant a fifteen day extension of the exemption for cause. 11 U.S.C. § 109(h)(3)(B).

The debtor has failed to describe any request for credit counseling services that she made before filing her petition and has likewise failed to explain why she was unable to obtain the necessary services within seven days of any such request. Her request for a temporary waiver can be denied on that basis alone, without the need to determine whether she has described circumstances that qualify as exigent within the meaning of 11 U.S.C. § 109(h)(3)(A)(i). Nevertheless, the debtor has also failed to adequately describe the circumstances she asserts

2

qualify as exigent, such as when the motion for the judgment for possession was filed and why it was unexpected. It thus appearing that the debtor is ineligible for waiver, it is

ORDERED that the debtor's request (Dkt. No. 2) for a temporary waiver of the prepetition credit counseling requirement of 11 U.S.C. § 109(h) based upon exigent circumstances is DENIED. It is further

ORDERED that within 7 days after entry of this order, the debtor shall either file a valid prepetition credit counseling certificate or show cause, by a writing filed with this court, why this case ought not be dismissed based upon the debtor's ineligibility to be a debtor pursuant to 11 U.S.C. § 109(h).

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders.