**The document below is hereby signed.**

**Dated: June 25, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
DARNISE DAVIS,                )   Case No. 12-00415
                              )   (Chapter 11)
             Debtor.          )   Not for Publication in
                              )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR
TEMPORARY WAIVER OF THE PREPETITION CREDIT COUNSELING REQUIREMENT

The debtor has filed a response (Dkt. No. 38) to this court's order directing her to show cause why the cause ought not be dismissed for failure to comply with 11 U.S.C. § 109(h). She has also filed a certificate of credit counseling dated June 12, 2012, a date that is eleven days after she filed her chapter 11 voluntary petition.

Her response explains that she called GreenPath, Inc. credit counseling service on May 31, 2012, at approximately 11 A.M. and spoke to a representative who confirmed that she had previously received credit counseling from GreenPath, Inc. in March 2010. The debtor states:

> I indicated that I wanted to schedule another counseling session due to my getting ready to file another Chap. 11. The person I spoke

> with asked me a series of questions regarding
> (1) attorney representation
> (2) attorney code #
> (3) what type of counseling did I want to take part A/B?
> I was uncertain of #3 [and] #1 [and] 2.  I had not obtained/retained counsel.  I then indicated to the person that I would call them back once I confirmed or had knowledge of the questions she asked.

The debtor's response goes on to describe how she had a settlement agreement to purchase the property where she operates her business, which was due to expire on May 31, 2012 at midnight.  The response also sets forth that she had a "loan agreement/commitment to go to closing/settlement on May 31st at 4 P.M. which did not [take] place.  The Landlord Plaintiff filed a motion for a writ of restitution to be filed immediately.  In order to avoid the court action and having my business operation interrupted - I had to file the Bankruptcy request immediately."  Finally, the debtor states that if the case is dismissed, she would not have the opportunity to continue her business of 14 years.

   Pursuant to § 109(h)(3)(A), the court can waive the prepetition credit counseling requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that she requested credit counseling services from an approved non-profit budget and credit counseling agency before the debtor filed the petition, but was unable to obtain the

necessary services within the seven-day period beginning on the date on which the debtor made the request, and (iii) the court finds the certification satisfactory.  This exemption applies only for the first thirty days following the filing of the debtor's petition, although the court may grant a fifteen-day extension of the exemption for cause.  11 U.S.C. § 109(h)(3)(B).

The debtor's response to the order to show cause, as well as her certification on Exhibit D to the petition, do not assert that the debtor was unable to obtain credit counseling within seven days of making the request.  Instead, her response states that she made a request on May 31, 2012 and declined to obtain credit counseling at that point.  That the credit counseling agency asked the debtor questions about whether she was represented and what type of counseling she wanted to receive does not indicate that she was unable to receive the credit counseling within seven days of making the request.  As a result, the court need not address whether the circumstances qualify as exigent because the debtor cannot satisfy the requirement of § 109(h)(3)(A)(ii) and, consequently, is not entitled to a temporary waiver under § 109(h)(3)(A).

Because the debtor did not obtain credit counseling prior to filing the petition, and because she does not qualify for an exigent circumstances waiver, she is not eligible to be a debtor under § 109(h) of the Bankruptcy Code.  It is thus

ORDERED that the debtor's request for a temporary waiver of the credit counseling requirement is DENIED.

An order of dismissal follows.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders.